IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41326
Summary Calendar

_____

JAMES ELLIS, JR.,

Plaintiff-Appellant,

versus

R.A. GARCIA, Warden; K.W. WILLIAMS, Assistant Warden;
J.L. HAWTHORN, Captain; GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-95-CV-64
- - - - - - - - - - -

September 23, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

James Ellis, Texas prisoner #661137, appeals from the grant

of summary judgment on the majority of claims in his civil rights

action and the dismissal without prejudice of his remaining

claims that prison officials violated the Eighth Amendment by

depriving him of access to the law library and to recreation when

he was placed in administrative segregation. Ellis contends that

his placement in administrative segregation violated the Due

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Process Clause; that prison officials' failure to follow prison regulations violated the Due Process Clause; that his disciplinary proceedings violated the Equal Protection Clause; and that the conditions of his confinement in administrative segregation and his later confinement in a cell with a plumbing leak violated the Eighth Amendment.

Ellis has failed to brief his contention that prison officials deprived him of access to the law library and to recreation when he was placed in administrative segregation. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We do not consider that contention.

Regarding Ellis's due process contentions, he has no right against placement in administrative segregation. *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Additionally, the failure of prison officials to follow prison rules and regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Regarding Ellis's equal protection contention, he has failed to allege that he was a member of any protected group singled out for punishment; that the disciplinary proceedings against him implicated any fundamental rights; or that the disciplinary proceedings were not rationally related to legitimate governmental purposes. Ellis has not shown any equal protection violation. *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir.), *cert. denied*, 118 S. Ct. 559 (1997); *Hatten v. Rains*, 854 F.2d 687, 690 (5th Cir. 1988); *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988).

Regarding Ellis's Eighth Amendment contention about the

plumbing leak in his cell, we have reviewed the record and the briefs on appeal and we find no reversible error. Accordingly, we affirm for essentially the reasons relied upon by the district court. *Ellis v. Garcia*, No. V-95-CV-64 (S.D. Tex. Oct. 9, 1997).

We recently imposed 28 U.S.C. § 1915(g) sanctions on Ellis. *Ellis v. Thaler*, No. 97-20526 (5th Cir. Aug. 20, 1998). Because Ellis filed his notice of appeal and was granted leave to appeal *in forma pauperis* (IFP) before we imposed sanctions, we do not apply § 1915(g) to the instant case. We remind Ellis that he may not bring a civil action or appeal as a prisoner proceeding IFP unless he is under imminent danger of serious physical injury. § 1915(g).

AFFIRMED.